884 F.2d 1389
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jeffrey Randall PACK, Plaintiff-Appellant,
v.
VIRGINIA MILITARY INSTITUTE: the Board of Visitors of
Virginia Military Institute, in their individual and
official capacities, James F. Betts, Abney S. Boxley, Jr.,
Bruce B. Cameron, John G. Castles, Thomas N. Downing, James
W. Enochs, Jr., B. Powell Harrison, Jr., Elizabeth P.
Hoisington, Brig. Gen., Harry G. Lee, Frank A. Liddell, Jr.,
James B. Massey, Jr., George G. Phillips, J. Robert
Philpott, Defendants-Appellees.
 No. 89-2012.
 United States Court of Appeals, Fourth Circuit.
 Argued June 5, 1989.
Decided July 24, 1989.
 
 Thomas Carlyle Spencer (Spencer & Filson, P.C. on brief) for appellant.
 Calvin Tabor Cronk, Assistant Attorney General (Mary Sue Terry, Attorney General on brief) for appellee.
 Before DONALD RUSSELL, PHILLIPS, Circuit Judges, and JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 This case comes forward on appeal from the action of the district court in granting summary judgment for the appellees, and dismissing the various pendent state claims.
 
 
 2
 Factually, the pattern in this case is not complex. Appellant, Jeffrey Pack, a fourth year cadet at the Virginia Military Institute (VMI), was convicted by the VMI honor court of submitting a "certificated" statement which was in fact not true. This transgressed the Honor Code of VMI, which says in quite direct and simple language that "A cadet shall not lie, cheat, nor steal, nor tolerate those who do."
 
 
 3
 A very lengthy appendix details the proceedings and arguments below, dealing particularly with the proceedings before the VMI honor court.
 
 
 4
 The appellant presents two issues, the first being stated as "Is Pack's federal claim limited to the sufficiency of the evidence to support the decision of the VMI honor court?" and the second is stated as "Did the evidence support the honor court's decision?" The appellant undertakes to bring his suit pursuant to 42 U.S.C. Sec. 1983, and essentially bases his appeal from the appellant's statement of the holding of the district court, to the effect that "Pack's Sec. 1983 claim was limited to the sufficiency of the evidence to support the decision of the VMI honor court." The appellant goes on to cite vagueness of rules and procedures, definitions inviting arbitrary and capricious rulings, unfairness, ex post facto enforcement of rules, presumptions of guilt, etc. In fact, the appellant's brief sets out allegations of eleven such implicit assignments of error, though not specifically stated as such in the appellant's brief. Unfortunately, the allegations contained in the brief, diffuse as the brief is, are not borne out by a careful consideration of the Appendix. Appellant further alleges violations of procedural and substantive due process, though there is no citation to authority concerning this allegation.
 
 
 5
 In a comprehensive opinion below, the court has disposed of the issues raised by the appellant, and, having carefully reviewed the record, the briefs, and the argument of counsel, this court finds that the matter is appropriately dealt with in the opinion below, and finds no error in those proceedings and in the opinion.
 
 
 6
 As to the matter of procedural due process, even a cursory inspection of the Appendix indicates that the appellant assuredly was advised of the charges against him, of the factual evidence underlying those charges, of his right to trial, and was afforded a full trial with the right to present evidence, the right to cross examine prosecution witnesses, and the right to counsel. There can be no doubt that procedural due process was amply provided in this case.
 
 
 7
 The court below analyzed the substantive due process claim on a substantial evidence basis, saying "The dispositive issue on the substantive due process claim is whether the VMI Honor Court's finding of guilt in the plaintiff's case was supported by substantial evidence." After reviewing the transcript of the honor court proceedings, and the other records filed in the case, the court below, after summarizing the evidence, concluded that "This evidence, if believed by the voting members of the honor court, is not only substantial, but overwhelming."
 
 
 8
 A review of the Joint Appendix in this court fully bears out the conclusion of the court below on the matter of "substantial evidence."
 
 
 9
 In dealing with the issue of substantive due process, some caution should be exercised where the deprivation complained of is not a deprivation of a "fundamental" or "core" right or value, such as the right to vote and the right to privacy. While the nature of the complaint makes a definitive answer difficult, if not impossible, the complaint appears principally to dwell on an asserted deprivation of a contract right, stating that the appellant "had a contract with VMI to receive a bachelor's education and degree in accordance with the terms of the contract."
 
 
 10
 If this language is properly construed as asserting a right to an education, appellant's substantive due process argument is misplaced. The Supreme Court has in recent cases consistently held that education is not one of the "core" or "fundamental" rights. Kadrmas v. Dickinson Public Schools, --- U.S. ----, 108 S.Ct. 2481, 2487, 101 L.Ed.2d 399, 409 (1988), following what is perhaps the seminal case of San Antonio Independent School District v. Rodriquez, 411 U.S. 1, 37 (1973).
 
 
 11
 Today, substantive due process may be invoked where such core rights are alleged to have been impaired. While the doctrine perhaps is evolving, "In the past two decades[,] the Court has found a substantive due process violation only when a fundamental value has been violated." Note, Substantive Due Process Rights of Pretrial Detainees after Bell v. Wolfis. 65 Iowa L.Rev. 818, 829 (1980) (citations omitted). While this note dealt with the substantive due process rights of pre-trial detainees, its discussion of the evolution of substantive due process is illuminating.
 
 
 12
 Because the complaint could be considered to have asserted an arguable fundamental right, i.e., almost as a throw-away phrase, the complaint on page 11 states that the appellant "suffered the consequences of the contractual, legal, and constitutional infirmities of the Honor System....,"[1] the court below undertook the substantive evidence analysis outlined supra, and reached its conclusions, which we find to be free of error.
 
 
 13
 The appellees have filed a motion for partial dismissal of the issue as stated in appellant's brief as the second issue, namely, "Did the evidence support the Honor Court's decision?" The argument for such dismissal is based on the proposition that the appellant failed to provide an argument and authorities in support of that issue as required by Rule 28(a)(4), Fed.R.App.P. Without passing on the sufficiency of the appellant's response to that motion, the appellant in effect arguing that the second issue relied entirely on the Appendix, the court finds it not necessary to strike that portion of the appellant's appeal, in light of the decision reached as to the ultimate issue in this case.
 
 
 14
 Having reviewed the record carefully, together with briefs and argument of counsel, the court finds no error in the proceedings in the court below, and therefore the action of that court in granting summary judgment and in dismissing the pendent state claims is
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 At p. 14 of the complaint, appellant asserts that "The plaintiff has a property interest in his continued education at Virginia Military Institute and a liberty interest in his reputation, which constitutional interests warrant due process protection under both the United States and Virginia Constitutions." At p. 15 of the complaint, the appellant asserts "the defendants ... deprived the plaintiff of his right to substantive due process ... by finding him guilty without sufficient evidence."